UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CAROL C. WEBB,**

    **Plaintiff,**

v.                                          **CASE NO. 8:06-CV-1918-T-EAJ**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

## **AMENDED FINAL ORDER**[2]

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42 United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act.[3]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] This court sua sponte amends the court's March 14, 2008 order as to the relief granted because it could be interpreted as precluding Plaintiff from seeking an award of attorneys' fees. The amended final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. See Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1278, n.2 (11th Cir. 2006).

[3] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 15).

pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not "decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner." Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB on October 14, 2003, claiming an onset of disability on September 26, 2003. (T 59) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision issued on March 22, 2006. (T 17, 27, 31) On August 4, 2006, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (T 4)

Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Having exhausted all administrative remedies, the Commissioner's decision is ripe for

review under the Act.

Plaintiff, 52 years old at the time of the October 26, 2005 administrative hearing, has a high school education. (T 363, 365) She has previously been employed as an office clerk. (T 367) Plaintiff alleges that her ability to work is limited by a condition called sarcoidosis.[4] (T 76, 79) She alleges that the condition affects her nasal passages and breathing and claims that she has lost about fifty percent of her right lung and twenty percent of her left lung.[5] (T 79) She also alleges that the condition causes joint stiffness. (T 79)

Following the administrative hearing, the ALJ discussed Plaintiff's medical conditions and determined the severity of each. In particular, the ALJ determined that Plaintiff's mental impairment is not severe but that Plaintiff's sarcoidosis is severe. (T 14) The ALJ found that although the sarcoidosis is severe, none of Plaintiff's impairments, individually or in combination, met or medically equaled those in Appendix 1, Subpart P, and Regulation No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (T 15)

The ALJ considered Plaintiff's severe impairments, the limitations of those impairments, and Plaintiff's subjective complaints in determining that she has a residual functional capacity ("RFC") to perform light work activities. (T 15-16) Specifically, the ALJ found that Plaintiff has the RFC to:

> [L]ift and/or carry 10 pounds frequently and 20 pounds occasionally. The claimant can stand and/or walk for a total of 6 hours in an 8-hour workday and can sit 6 hours in an 8 hour workday. The claimant m[u]st periodically alternate sitting and standing

---

[4] Sarcoidosis is a multisystem granulomatous disease that affects the lungs. There are four stages of sarcoidosis; patients with stages III and IV experience symptoms of loss of lung function, fibrosis, and progressive dyspnea. Jennifer J. Wu & Karin Rashcovsky Schiff, Sarcoidosis, 70 Am. Fam. Physician 312, 312-13 (2004).

[5] Although Plaintiff does not explain this statement in greater detail, the court assumes that Plaintiff is referring to a loss of capacity of lung function.

>to relieve pain and discomfort. The claimant can occasionally climb ramps or stairs but never ladders, ropes or scaffolds. The claimant can also occasionally balance, stoop, crouch, kneel, and crawl. The claimant should also avoid moving machinery and unprotected heights. The claimant is restricted to low levels of pollutants and stable temperatures.

(T 15)

The ALJ addressed the opinion of Sergio B. Seoane, M.D., ("Dr. Seoane"), Plaintiff's treating pulmonologist, but held that his opinion was "not supported by clinical signs and laboratory findings." (T 16) The ALJ therefore gave great weight to the opinion of the State Agency consultants in determining Plaintiff's RFC. (T 16). Based on Plaintiff's RFC, the ALJ concluded that Plaintiff is able to perform her past relevant work as an office clerk. (T 17) Therefore, the ALJ concluded that Plaintiff is not under a "disability" as defined in the Act. (T 17)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

Plaintiff's sole argument on appeal is that the ALJ erred in evaluating the opinion evidence (Dkt. 19 at 12). Specifically, Plaintiff alleges that the ALJ erred by rejecting the opinion of Dr. Seoane in determining Plaintiff's RFC (Dkt. 19 at 12-18).

The ALJ should give a treating physician's opinion controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The treating physician is in the best position to provide a "detailed, longitudinal picture" of Plaintiff's medical conditions, which cannot be obtained from consultative examinations. Id.; see also Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (discussing Eleventh Circuit precedent

that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary).

The ALJ briefly discussed Dr. Seoane's medical opinion but determined that it was unsupported by objective findings. (T 16) He failed to give any further reasoning for rejecting the opinion and failed to address any of Plaintiff's previous clinical and laboratory tests. (T 16-17). The ALJ also found inconsistencies in the opinion because Dr. Seoane claimed that Plaintiff was "essentially a pulmonary cripple" but also indicated that she was doing "extremely well." (T 16, 315) Furthermore, the ALJ stated that Dr. Seoane's opinion was inconsistent with Plaintiff's ability to perform her daily activities but he did not specifically state the daily activities he was referring to. (T 16) The ALJ failed to give any further reasoning to support his findings. (T 16-17)

## A.  Clinical and Laboratory Diagnostic Techniques

Plaintiff has a long history of lung problems. On March 23, 2000, a CT scan showed irregular right upper lobe density. (T 136) One month later, Plaintiff's chest x-ray showed persistent right upper lobe infiltrate. (T 120) Then, on May 11, 2000, Plaintiff was admitted to a medical center for lung complaints and treated by Mahesh Allam, M.D. ("Dr. Allam"). (T 119-120) Dr. Allam acknowledged an abnormal chest x-ray during the May visit. (T 120) In August 2002, Plaintiff was diagnosed with pulmonary sarcoidosis and placed on Prednisone. (T 14)

Dr. Seoane then began treating Plaintiff. He ordered a CT scan of Plaintiff's chest and noted an abnormal chest x-ray on November 5, 2002. (T 162) Dr. Seoane ordered another CT scan of Plaintiff's chest for March 24, 2003, which noted the nodules in both lungs were present again as they were in the previous scan. (T 160-61) After numerous clinical and laboratory tests, Dr. Seoane diagnosed Plaintiff with sarcoidosis on June 9, 2003 and again on September 12, 2003. (T 148-49)

5

Dr. Seoane continued to treat Plaintiff and on May 24, 2005 wrote a letter to Plaintiff's primary physician that indicated a dramatic worsening in the CT scans of Plaintiff's chest from 2003 to 2005. (T 319) Dr. Seoane also stated that Plaintiff now has Stage IV sarcoidosis and that he started Plaintiff on sixty milligrams of Prednisone daily. (T 319) On July 28, 2005 Dr. Seoane again stated in his medical report that Plaintiff had Stage IV sarcoidosis with "a significant marked worsening of her pulmonary parenchyma." (T 316) He also noted that Plaintiff complained of shortness of breath, chest tightness, and a nonproductive cough. (T 317) However, Dr. Seoane states that Plaintiff's respiratory symptoms had improved with the Prednisone so he reduced her dosage to forty milligrams daily. (T 316-17)

In a follow-up appointment on August 31, 2005, Dr. Seoane examined Plaintiff. (T 314-15) Although he stated that "[c]linically, she is doing extremely well," he went on to explain that she "is essentially a pulmonary cripple." (T 315) He reduced Plaintiff's Prednisone dose to thirty milligrams a day and explained that he would continue to wean Plaintiff off Prednisone over the next six months to one year. (T 315) He also stated that relapses are common in approximately sixty percent of patients. (T 315)

On October 6, 2005, Dr. Seoane filled out a Physical Capabilities Evaluation regarding Plaintiff's functional restrictions. (T 357-60) He indicated that Plaintiff could sit for three hours during an eight hour day, could not stand or walk, and could lift up to five pounds occasionally. (T 357) He opined that she could not perform work of any nature and indicated that she had severe functional limitation from her medical problems. (T 360)

The ALJ failed to consider the objective findings including clinical and laboratory techniques cited by Dr. Seoane. Dr. Seoane had treated Plaintiff for over three years at the time of the hearing.

During that time, he performed numerous CT scans and other examinations. He continuously addressed Plaintiff's sarcoidosis in his reports with full descriptions of her symptoms and medications. There mere fact that in one report Dr. Seoane stated Plaintiff was doing extremely well is insufficient to discredit the long history of objective clinical and laboratory tests in the record.[6]

## B. Inconsistency with Other Evidence

In addition to Dr. Seoane's opinion, the record includes the opinions of several state agency consultive physicians. In this case, the ALJ chose to disregard Dr. Seoane's medical opinion and give controlling weight to some of the opinions of the State Agency physicians while disregarding others. Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The opinion of the treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence. Bloodsworth, 703 F.2d at 1240; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). However, the ALJ must identify specific evidence in the record which supports this conclusion. See generally Spencer ex. rel. Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985); Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). The Commissioner's reliance on agency physicians' assessments, standing alone, does not provide substantial evidence especially when contrary to those of treating physicians. Spencer, 765 F.2d at 1094.

---

[6] If the ALJ had questions regarding Dr. Seoane's one-time opinion that Plaintiff was doing extremely well and could breathe normally, the ALJ could have contacted the physician to determine the basis of the opinion. Social Security Ruling 96-5p states: "Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion."

Here the ALJ failed to acknowledge other record evidence consistent with Dr. Seoane's opinion. For example, the ALJ failed to even mention the opinion of Tommy L. Louisville, M.D. ("Dr. Louisville") in determining Plaintiff's RFC. (T 15-16) Dr. Louisville performed a consultative examination on January 29, 2004. (T 216) Although Dr. Louisville determined that Plaintiff could stand or walk for two hours in an eight hour day, his opinion was consistent with Dr. Seoane's opinion concerning Plaintiff's sarcoidosis. (T 218-19) He noted Plaintiff's two year duration of sarcoidosis, reduced exercise tolerance, episodes of bronchitis, and joint pain. (T 216)

Instead the ALJ chose to give great weight to the State Agency physicians' opinions. (T 16) Jim Takach, M.D., ("Dr. Takach"), a family practitioner, examined Plaintiff on December 25, 2003. (T 215) Although Dr. Takach opined that Plaintiff has greater functional abilities than Dr. Seoane found, Dr. Takach did acknowledge Plaintiff's sarcoidosis as his reason for the limitations that he did find. (T 209) The other consultant, Glenn E. Bigsby, D.O., ("Dr. Bigsby") (also a family practitioner) stated on May 25, 2004 that Plaintiff had sarcoidosis, but he found fewer limitations than Dr. Takach. (T 280-282). However both Dr. Takach and Dr. Bigsby's assessments occurred before the dramatic worsening of Plaintiff's condition noted by Dr. Seoane on May 24, 2005. (T 319)

The ALJ also stated that Dr. Seoane's opinion was inconsistent with Plaintiff's daily activities. An ALJ may consider a claimant's daily activities when determining whether claimant's subjective complaints are consistent with the record. 20 C.F.R. § 404.1529(c)(3)(i); <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1212 (11th Cir. 2005). In discrediting Plaintiff's allegations the ALJ must communicate "explicit and adequate reasons." <u>Id.</u> at 1210 (citations omitted). The ALJ failed to specify Plaintiff's daily activities or explain how those activities are inconsistent with her asserted

limitations. (T 16) Therefore, it cannot be determined whether the ALJ's findings are supported by substantial record evidence.

**C. Conclusion**

Judicial review is limited to determining whether there is substantial evidence to support the ALJ's findings of fact and whether the correct legal standards were applied. 42 U.S.C. § 405(g); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004) (citations omitted). The ALJ failed to properly weigh Dr. Seoane's opinion for three reasons: (1) the ALJ failed to properly consider the clinical and laboratory findings supporting Dr. Seoane's treatment of Plaintiff; (2) the ALJ failed to specify why Plaintiff's daily activities were inconsistent with Dr. Seoane's opinion; and (3) the ALJ failed to address other medical opinions that were consistent with Dr. Seoane's opinion. Therefore, the Commissioner's decision must be remanded for application of the correct legal standard and additional fact-finding.

**III.**

Remand is necessary to allow the Commissioner to apply the proper legal principles regarding the weight afforded to the medical opinions in this case. This court expresses no view as to what the outcome of the proceedings should be on remand. At the reopened hearing, each party shall have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **REVERSED**, and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2)     The Clerk of Court is directed to enter an amended final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and thereafter to close the file. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-80 (11th Cir. 1993).  The amended final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.  <u>See Bergen v. Commissioner of Social Security</u>, 454 F.3d 1273, 1278, n.2 (11th Cir. 2006).

**DONE AND ORDERED** in Tampa, Florida on this 28th day of April, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge